UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CYNTHIA CUMMINGS, CAROLYN COX, CHERYL WATKINS, GINA RUSCH, ANDRE LAKE, CYNTHIA MCCRIGHT, KIM MEDINA, and KIMBERLY BERRY, as Trustees of DISTRICT COUNCIL 1707, LOCAL 95 HEAD START EMPLOYEES WELFARE FUND,

          Plaintiffs,

-against-

THE CHILDREN'S AID SOCIETY and JANE DOES (the foregoing names being fictitious and unknown to Plaintiffs at the present time, all of whom are responsible officers, directors and/or representatives of the corporate Defendant named above),

          Defendants.
------------------------------------------------------------------------x

**COMPLAINT**

Civil Action No.: 17-CV-7238

    Plaintiffs, CYNTHIA CUMMINGS, CAROLYN COX, CHERYL WATKINS, GINA RUSCH, ANDRE LAKE, CYNTHIA MCCRIGHT, KIM MEDINA, and KIMBERLY BERRY, as Trustees of DISTRICT COUNCIL 1707, LOCAL 95 HEAD START EMPLOYEES WELFARE FUND (the "Fund"), by and through their attorneys, Archer, Byington, Glennon & Levine, LLP, as and for their complaint, respectfully allege as follows:

## NATURE OF ACTION

    1.  This action arises under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. §185, and Sections 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(2) and 1132(a)(3). Plaintiffs bring this action to recover unpaid fringe benefit contributions and for defendants' breach of fiduciary duty and violations of Sections 515, 406, and 404 of ERISA, 29 U.S.C. §§1145, 1106 and 1104, and for failing to comply with statutory and contractual

obligations arising by virtue of defendant THE CHILDREN'S AID SOCIETY's collective bargaining agreement with District Council 1707, Head Start Local 95, Community and Social Agency Employees Union, AFSCME, AFL-CIO (the "Union"), and for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by Sections 502(e)(1) and (f) of ERISA, 29 U.S.C. §§1132(e)(1) and (f), by Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and under 28 U.S.C. §1331 and §1367.

3. Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and under Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Service may be made on defendants in any district in which they may be found pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PARTIES AND BACKGROUND

4. Plaintiffs, Cynthia Cummings, Carolyn Cox, Cheryl Watkins, Gina Rusch, Andre Lake, Cynthia McCright, Kim Medina, and Kimberly Berry are fiduciaries of the Fund within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1002(21) and 1132.

5. At all relevant times, the Fund is and has been an employee benefit welfare plan as defined in ERISA, 29 U.S.C. §1002(1), and a multiemployer plan within the meaning of ERISA, 29 U.S.C. §§1145 and 1002(37)(A). The Fund is at all relevant times a "Taft Hartley" plan, meeting the requirements of 29 U.S.C. §186(c)(5). The Fund is administered and has a principal place of business within the State of New York at 420 West 45th Street, New York, New York 10036.

6. The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The purpose of the Fund is to receive and

collect required employee benefit contributions and deductions, and to provide health care benefits for eligible employees on whose behalf employers contribute to the Fund pursuant to a Collective Bargaining Agreement (the "CBA").  The Fund is operated pursuant to the terms of an Agreement and Declaration of Trust (the "Trust Agreement").

7. Upon information and belief, defendant THE CHILDREN'S AID SOCIETY ("Defendant"), is a domestic not-for-profit corporation organized and existing under the laws of the State of New York, with a place of business and/or mailing address at 711 Third Avenue, Suite 700, New York, New York 10017.

8. Upon information and belief, as more fully set forth herein, Defendant is an "employer" within the meaning of the LMRA, 29 U.S.C. §§142(3) and 152(2), and pursuant to Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

9. Defendant is a party in interest with respect to the Fund, as defined in ERISA, 29 U.S.C. §1002(14), and acts directly as an employer and/or indirectly in the interests of an employer in relation to the Fund within the meaning of ERISA, 29 U.S.C. §1002(5).

10. To the extent that Defendant or any of its responsible officers, directors and/or representatives have exercised discretionary authority or control with respect to the management or disposition of assets of the Fund, they are fiduciaries within the meaning of ERISA, 29 U.S.C. §1002(21)(A).

## AS AND FOR A FIRST CLAIM FOR RELIEF

11. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 10 hereof, as if fully set forth herein and with the same force and effect.

12. At all relevant times, the Union, on behalf of its members, and Defendant, have been party to or otherwise bound by a CBA, governing rates of pay, wages, hours, and other conditions of employment of Union members and others employed by Defendant within the

collective bargaining unit covered by the CBA. At all times mentioned herein, the CBA has been in full force and effect.

13.  Pursuant to the CBA, Defendant agreed and is obligated to pay over to the Fund employee welfare benefit contributions and wage deductions in agreed amounts ("Health Care Contributions"), so that covered employees and eligible beneficiaries will receive health care benefits through the Fund.

14.  Pursuant to the terms of the CBA, Defendant is subject to and bound by the Trust Agreement. The CBA and the Trust Agreement provide, among other things, that an employer delinquent in the payment of Health Care Contributions shall be liable to the Fund for all Health Care Contributions owed, together with liquidated damages, interest, attorneys' fees, court costs and audit fees, all in accordance with ERISA.

15.  Pursuant to Section 209 of ERISA, 29 U.S.C. §1059, Defendant has a duty to maintain detailed records regarding the hours worked by its employees for whom Health Care Contributions have been and/or are required to be paid into the Fund.

16.  Pursuant to the CBA and the Trust Agreement, Defendant is required, *inter alia*, to file certain employer contribution reports with the Fund, and is required to permit and cooperate with the Fund in conducting audits of Defendant's books and payroll records, and to furnish to the Fund such information, books, records and reports as are required to ensure compliance with Defendant's obligations to the Fund under the terms of the CBA and Trust Agreement, and to ascertain the amount of any Health Care Contributions owed to the Fund.

17.  The Fund conducted an audit of the Defendant's books and records for the period of October 1, 2012 through December 31, 2014 (the "Audit").

18.  As determined by the Audit, there are delinquent Health Care Contributions in the amount of at least $40,981.51, plus interest, liquidated damages, and costs associated with the

4

collection of such Health Care Contributions, due and owing to the Fund from Defendant for the period of October 1, 2012 through December 31, 2014.

19. The Fund has served Defendant with the results of the Audit and has made demand for payment of the owed Health Care Contributions, plus interest, liquidated damages, and costs associated with the collection of such Health Care Contributions, and Defendant has failed to respond, refute, or make payment for the owed Health Care Contributions detailed in the Audit.

20. No part of these Health Care Contributions due and owing to the Fund as set forth in the Audit have been paid although duly demanded, and the Fund has been damaged in the sum of at least $40,981.51.

21. By reason of the foregoing, the Defendant is liable for the Health Care Contributions required to be paid to the Fund under the CBA and the Trust Agreement as detailed in the Audit in the sum of at least $40,981.51, together with interest, liquidated damages, and an award to Plaintiffs of the audit fees, costs, disbursement and reasonable attorneys' fees incurred, as provided by the CBA, the Trust Agreement, and ERISA, 29 U.S.C. §1132.

## AS AND FOR A SECOND CLAIM FOR RELIEF

22. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 21 hereof, as if fully set forth herein and with the same force and effect.

23. Section 515 of ERISA, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, to make such contributions in accordance with the terms and conditions of such plan or such agreement.

24. The Fund is a multiemployer plan as defined in Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).

5

25. By virtue of the CBA and the Trust Agreement, Defendant has a contractual obligation to the Fund, enforceable under the LMRA, 29 U.S.C. §185, and as third-party beneficiary and in accordance with ERISA, and Defendant is statutorily required to make Health Care Contributions to the Fund pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

26. The failure, refusal, or neglect of Defendant to make the required Health Care Contribution payments to the Fund constitutes a violation of Defendant's contractual and statutory duty, and has injured the Fund by delaying the investment and/or use of those Health Care Contributions to provide health care benefits for the Fund's participants and beneficiaries, and causing unnecessary administrative expense to the Fund.

27. Section 502 (g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid fringe benefit contributions owed, plus interest on the unpaid contributions computed at a rate set forth in the plan, or if none, as set forth in the United States Internal Revenue Code [26 U.S.C. § 6621], plus an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan up to the sum of twenty percent (20%) of the unpaid contributions, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

28. Accordingly, pursuant to ERISA, 29 U.S.C. § 1132 (g)(2), the LMRA, 29 U.S.C. §185, the CBA and the Trust Agreement, Plaintiffs are entitled to an award of all unpaid and/or unreported Health Care Contributions required to be paid to the Fund by virtue of work performed by employees of Defendant for the period of October 1, 2012 through December 31, 2014 (the "Audit Period"), in the sum of at least $40,981.51 as set forth in the Audit, together with interest on the unpaid contributions at the rate provided in the CBA and/or Trust Agreement, plus an additional amount equal to the greater of (i) interest on the unpaid

contributions or (ii) liquidated damages in the amount of twenty percent (20%) of the unpaid contributions, together with the audit fees, reasonable attorneys' fees, and costs and disbursements incurred in the action.

### AS AND FOR A THIRD CLAIM FOR RELIEF

29. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 28 hereof, as if fully set forth herein and with the same force and effect.

30. Pursuant to ERISA, 29 U.S.C. § 1104(a)(1)(A), fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses."

31. Upon information and belief, as a result of work performed by or on behalf of Defendant under the CBA during the Audit Period, Defendant received sums of money intended to pay Health Care Contributions for Defendant's employees, including upon information and belief from or on behalf of (i) individual employees and by employee wage deductions, (ii) the City of New York or its governmental agencies or divisions, and/or (iii) the U.S. Department of Health and Human Services or its governmental agencies or divisions, and upon information and belief such Health Care Contributions owed to the Fund remain unpaid.

32. Pursuant to the Trust Agreement and under common law, such unpaid Health Care Contributions owed to the Fund constitute trust assets of the Fund, and upon information and belief are plan assets that have been wrongfully withheld from the Fund by Defendant and its responsible officers, directors and/or representatives.

33. Upon information and belief, Defendant and its responsible officers, directors and/or representatives have commingled these plan assets, including Health Care Contributions

deducted from employee wages, with Defendant's general assets, and have used such plan assets to pay other creditors of Defendant, rather than forwarding those monies to Plaintiffs.

34. By withholding these plan assets and/or diverting such plan assets to Defendant's own use and benefit, Defendant and its responsible officers, directors, and/or representatives have exercised discretionary management and control over plan assets of the Fund, in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A), and their fiduciary obligations owed to Plaintiffs and the Fund's participants and beneficiaries.

35. By withholding these plan assets of the Fund and/or diverting such plan assets to Defendant's own use and benefit, Defendant and its responsible officers, directors, and/or representatives have failed to abide by the documents and instruments governing the Fund in violation of ERISA, 29 U.S.C. § 1104(a)(1)(D), and their fiduciary obligations owed to Plaintiffs and the Fund's participants and beneficiaries.

36. By reason of the foregoing, Defendant and its responsible officers, directors, and/or representatives, are liable to Plaintiffs for all such withheld and/or diverted plan assets of the Fund which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection, and to restore to Plaintiffs any profits that Defendant or its responsible officers, directors, and/or representatives made through use and retention of such plan assets of the Fund, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, and their fiduciary obligations owed to Plaintiffs and the Fund's participants and beneficiaries.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

37. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 36 hereof, as if fully set forth herein and with the same force and effect.

38. Pursuant to ERISA, 29 U.S.C. § 1106(a)(1)(A) and (B), it is unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in

interest, including transactions that exchange property or extend credit. Absent an exemption, ERISA makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. § 1006(b)(1)-(3).

39. Upon information and belief, at relevant times Defendant and its responsible officers, directors, and/or representatives have been parties in interest with respect to the Fund within the meaning of ERISA, 29 U.S.C. § 1002(14).

40. By withholding these plan assets and/or diverting such plan assets to Defendant's own use and benefit, Defendant and its responsible officers, directors, and/or representatives have dealt with plan assets in their own interest and/or exchanged property or extended credit from plan assets for their own use and benefit in violation of ERISA, 29 U.S.C. § 1106(a) and (b).

41. As a result of the breaches of fiduciary duty described above, Defendant and its responsible officers, directors, and/or representatives, are liable to Plaintiffs for all such withheld and/or diverted plan assets of the Fund which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection, and to restore to Plaintiffs any profits that Defendant or its responsible officers, directors, and/or representatives made through use and retention of such plan assets of the Fund, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, and their fiduciary obligations owed to Plaintiffs and the Fund's participants and beneficiaries.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, as follows:

(a) On the First and Second Claims for Relief, against Defendant in favor of Plaintiffs, (i) entry of judgment awarding damages for all unpaid and/or unreported Health Care Contributions required to be paid to the Fund under the CBA and Trust Agreement as determined by the Audit, in an amount of at least

    $40,981.51 as detailed in the Audit for the Audit Period, plus (ii) interest from the time each such unpaid amount came due at the rate of one (1%) percent per month pursuant to the CBA and Trust Agreement, and as mandated by ERISA, 29 U.S.C. §1132(g)(2)(B), plus (iii) an additional amount equal to the greater of the amount of interest on the unpaid contributions, or liquidated damages in the sum of twenty percent (20%) of the unpaid contributions, as provided under the CBA and Trust Agreement, and as mandated by ERISA, 29 U.S.C. §1132(g)(2)(C), plus (iv) the legal fees, costs and disbursements of this action, as provided under the CBA and Trust Agreement, and as mandated by ERISA, 29 U.S.C. §1132(g)(2)(D), and that Plaintiffs have execution therefor;

(b)    On the Third and Fourth Claims for Relief, entry of judgment in Plaintiffs' favor and against Defendant and its responsible officers, directors, and/or representatives, for all withheld and/or diverted plan assets of the Fund from the Audit Period which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection, and that Plaintiffs have execution therefor;

(c)    On the Third and Fourth Claims for Relief, entry of judgment in Plaintiffs' favor and against Defendant and its responsible officers, directors, and/or representatives, to restore to Plaintiffs any profits that Defendant or its responsible officers, directors, and/or representatives made through use and retention of the plan assets of the Fund, and that Plaintiffs have execution therefor; and

(d)    Directing such other and further relief as this Court deems just and proper.

Dated: Melville, New York
September 22, 2017

                              ARCHER, BYINGTON, GLENNON & LEVINE, LLP

                By:       /s/ *James W. Versocki*
                      James W. Versocki
                      John H. Byington III
                      Attorneys for Plaintiffs
                      One Huntington Quadrangle, Suite 4C10
                      P.O. Box 9064
                      Melville, New York 11747-9064
                      (631) 249-6565

755835-4